IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

B. KAY SHAFER and LISA NOONAN,

        Plaintiffs,

v.                                                  No. CIV 07-298 BB/RHS

UNITED STATES OF AMERICA,
Internal Revenue Service,

        Defendant.


MEMORANDUM OPINION
AND
ORDER GRANTING GOVERNMENT'S MOTION AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT


THIS MATTER is before the Court on Cross-Motions for Summary Judgment. The Court having reviewed all the submissions of counsel, finds Plaintiff's Motion [Doc. 17] should be Denied and the Government's Motion [Doc. 21] should be Granted.

*Legal Standard*

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "Cross motions for summary judgment are to be treated separately; the denial of one does not require the grant of another." *Christian Heritage Academy v. Oklahoma Secondary Sch. Activities Ass'n*, 483

F.3d 1025, 1030 (10th Cir. 2001) (citing *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979). However, "[w]here, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). Where the facts are not in dispute and the parties only disagree about whether the actions were constitutional, summary disposition is appropriate. *See* FED. R. CIV. P. 56(c); *Christian Heritage, supra*.

## *Relevant Uncontested Facts*

Glenn A. Hicks and Deborah A. Hicks ("the Hicks") were the owners of certain real property in Bernalillo County, New Mexico, namely lots 12 through 16 in the Manuel Sanchez Subdivision, at the street addresses 4514 and 1416 Second Street NW, Albuquerque, New Mexico ("the Property"). On the Property, the Hicks operated an auto body shop known as Allen's Collision Center and Fleet Services, Inc. ("Allen's Collision"). On January 8, 1999, Allen's Collision gave to Norwest Bank New Mexico, N.A. ("Norwest"), a promissory note in the original principal amount of $294,340.25 ("the Note"). Also on January 8, 1999, the Hicks executed a mortgage securing the repayment of the Note in the original principal amount of $294,340.25 ("the Mortgage") whereby the Hicks, as mortgagors, conveyed the Property to Norwest in the event of

default. As Successor in Interest to Norwest, Wells Fargo Bank, N.A., conveyed the Note and Mortgage to Prinsburg State Bank.

For years, the Hicks and their business entities did not pay the taxes owing to either the Internal Revenue Service ("IRS") or the State of New Mexico. Commencing in October 1998, the IRS began attaching liens in various amounts against Allen's Collision and the Hicks. Prinsburg State Bank filed suit in New Mexico state court against the Hicks seeking to foreclose the past due mortgage. The IRS was named as a defendant in the foreclosure suit and filed an answer and a cross-claim. On June 30, 2006, the state court entered the Stipulated Judgment of Foreclosure in favor of Prinsburg State Bank and a judgment against Allen's Collision and the Hicks. The Stipulated Judgment of Foreclosure provided, among other things, that after judicial sale of the Property, the redemption period for the IRS shall be 120 days. Specifically, the Stipulated Judgment of Foreclosure provided that:

> The purchaser at the foreclosure sale shall be vested with paramount title to the Subject Real Property, free and clear of all right, title and interest of the above-named Defendants or any persons claiming by and through the above-named Defendants, <u>subject to the Right of Redemption of the Defendant United States of America Internal Revenue Service for a period of one hundred twenty (120) days after the confirmation of sale</u>....

Stip. Judg. of Foreclosure, p. 14, ¶ 16 (emphasis added).

The property was sold at a foreclosure sale to Southwest Automotive Paint & Supply for $240,000.00 on August 8, 2006. Also on August 8, 2006, the Hicks signed an Assignment of the Right of Redemption in favor of the current Plaintiffs, Kay Shafer

3

and Lisa A. Noonan, in which the Hicks were to receive $20,000.00 plus ten percent of any profits from the sale of the Property. As an assignee of Hicks' Plaintiffs filed a petition to redeem the Property on August 10, 2006.

Following the Stipulated Judgment of June 30 specifically affirming the United States 120 days to redeem, Plaintiffs served the IRS with a "Motion in Opposition to Asahok Kansal's Petition for Certificate of Redemption and for an Order Approving B. Kay Shafer and Lisa A. Noonan's Petition for Certificate of Redemption" on September 1, 2006.

On October 10, 2006, IRS Revenue Officer Bonnie Reinhart sent a letter to Plaintiffs notifying them that she understood Plaintiffs had purchased the Property, that the Property was subject to federal tax liens junior to the foreclosing lien, and that under either 28 U.S.C. § 2410 or 26 U.S.C. § 7425(d), the IRS has the right to redeem the Property from Plaintiffs by paying them the amount specified in the regulations within 120 days after confirmation.

On October 16, 2006, the state court entered a Stipulated Order for Redemption which granted Plaintiffs' petition for a certificate of redemption and ordered the court clerk to issue a certificate of redemption for the Property to Plaintiffs.  While the IRS was given notice of Asahok Kansal's attempt to redeem, no notice of this petition for,

or subsequent order of, redemption was provided.[1]  The Stipulated Order for Redemption also contained the following language: "All right, title and interest, including redemption rights of Plaintiff and all Defendants, and any persons claiming by, through or under them, in and to the Property is hereby extinguished and all title to the Property is vested in B. Kay Shafer and Lisa Noonan." Stip. Ord. ¶ 2. A Redemption Deed was recorded with the Bernalillo County Clerk's Office in the names of Ms. Shafer and Ms. Noonan as the owners of Lots 12 through 16.

On December 4, 2006, Revenue Officers Rosemary Basile and Jackie Sena drove to Plaintiff Shafer's residence in Edgewood, New Mexico.  When Officers Basile and Sena drove up to Ms. Shafer's residence, they were unable to get past the locked gates and fenced-in residence, so they followed the procedures set forth for redemption of property, provided in 28 U.S.C. § 2410 and 26 U.S.C. § 7425, and attached to the front gate a copy of a letter from the IRS addressed to Ms. Shafer and Ms. Noonan indicating the IRS was exercising its right of redemption.  Revenue Officers Basile and Sena then proceeded to the office of Plaintiffs' counsel.  Ms. Basile tendered the United States Treasury check in the amount of $248,482.14 to Plaintiffs' counsel, Jason Bousliman, but he refused to accept the check.  Before Officers Basile and Sena ended their meeting with Plaintiffs' counsel, Ms. Basile presented him with a copy of the December 4, 2006,

---

[1] This lack of notice may have procedural and due process implications but it is unnecessary to consider these issues given the disposition of these motions.  *See United States v. Winterburn*, 749 F.2d 1283 (9th Cir. 1984); *United States v. Mayor & Council of City of Baltimore*, 564 F.2d 1066 (4th Cir. 1977).

letter addressed to Ms. Shafer and Ms. Noonan and advised him that a Certificate of Redemption would be filed on that date in the Bernalillo County Clerk's Office.

The same day, and within 120 days of confirmation of the foreclosure sale, Ms. Basile recorded with the Bernalillo County Clerk a document entitled "Certificate of Redemption." That document noted that the IRS "redeemed said property ... by tendering to B. Kay Shafer and Lisa Noonan the total sum of $248,482.14 on November 30, 2006," thereby transferring all rights, title, and interest in Lots 12 through 16 to the IRS.

On March 27, 2007, Plaintiffs filed this action to quiet title. Plaintiffs have granted an option to buy the Property for $650,000.00 while the total tax obligation is approximately $290,000.00.

### *Legal Issue*

Can the state court's Foreclosure Order cut off the 120-day redemption period granted to the IRS by Congress?

### *Discussion*

Plaintiffs agree "[i]t is well established that state law governs the right of redemption of property after a judicial foreclosure sale except where it directly conflicts with federal law or prohibits the government from exercising it's right of redemption." (Pl.'s Mem. for Sum. Judg., p. 8). Although the effects of a judicial sale of property encumbered by federal tax liens is governed by state law, the federal

government's right to redeem under such liens is governed by federal law. *United States v. Wood*, 658 F. Supp. 1561, 1566 (W.D. Ky. 1987), *aff'd*, 877 F.2d 453 (6th Cir. 1989); *see also United States v. Wingfield*, 822 F.2d 1466, 1473 (10th Cir. 1987) (federal tax lien a creature of federal law and federal law governs the priority of such a lien). Plaintiff and the IRS both analyze the factors required for federal preemption at length and whether *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979), controls. However, since there is Tenth Circuit binding precedent on point, the resolution of this issue is much more basic. *United States v. Spedalieri*, 910 F.2d 707, 709 (10th Cir. 1990).

Confronting facts virtually identical to those at bar, the Tenth Circuit held that the 120-day redemption period provided in 26 U.S.C. § 7425 preempts any state law which would limit the IRS to a shorter time period. *Title Ins. Co. of Minnesota v. IRS*, 963 F.2d 297 (10th Cir. 1992). In that case, a bank foreclosed on a property encumbered by junior tax liens in favor of the IRS. After giving the IRS notice, the Bank caused the Public Trustee to sell the property following foreclosure. After redemption and a sale of the property to a third party, the IRS verbally gave notice it intended to exercise its redemption rights. The third party, who purchased the redeemed property, Dan Savage, failed to appear at the meeting which the IRS had set up to tender its check for the redemption price. One hundred and twenty days following the foreclosure sale, the IRS filed a certificate of redemption with the county clerk. Savage then filed suit in the federal district for the District of Colorado seeking

to invalidate the IRS redemption and quiet title in his successor, Title Insurance Company. The district court held that although the IRS had 120 days to redeem under 26 U.S.C. § 7425, it failed to provide the required written notice of intent to redeem. The Tenth Circuit recognized that under federal preemption principles, the 120-day redemption period granted by 26 U.S.C. § 7425 prevailed over the shorter redemption period allowed by Colorado state law. Speaking for the Court, Judge McWilliams opined:

> We note that the 75 day redemption provision in Colo. Rev. Stat. 38-39-102 (1973) apparently applies to the "owner" of the foreclosed property, or any person who might be liable for a deficiency, and does not apply to a lienor. But if the district court held that the 75 day provision in Colo. Rev. Stat. 38-39-102 (1973) somehow applied to the IRS, then such would conflict with the 120 day provision in 26 U.S.C. § 7425(d), and the latter would prevail. In this general connection we note that 26 U.S.C. § 7425(d) permits redemption within 120 days from the date of sale, or the period allowable for redemption under local law, "whichever is longer." The "whichever is longer" language indicates to us that when the period allowed by local state law is shorter than 120 days, the United States will still have 120 days to redeem.

963 F.2d 301. It is clear the 120-day period granted to the IRS to exercise at redemption right preempts the shorter period provided by New Mexico law.

Plaintiff next argues that it was error for the IRS to file the notice of redemption with the Bernalillo County Clerk when 26 U.S.C. § 7425(d)(3)(B) requires that such a certificate of redemption be filed "in the proper registry of deeds." Plaintiff does not explain why the county clerk's office is not the registry of deeds. *See* § 14-9-1 NMSA 1978 (Repl. Pamp. 2003) (requiring "all writings affecting the title to real estate shall

8

be recorded in the office of the cunty clerk of the county or counties in which the real estate affected thereby is situated"). Nor does Plaintiff explain how this phase differs from the "officer designated by local law" used in 26 U.S.C. § 7425(d)(3)(A) since the New Mexico legislature apparently intended to designate the county clerk as such an "officer." NMSA 1978 § 14-9-1. Moreover, since the IRS officials in this case clearly made multiple verbal and written attempts to notify Plaintiffs and their counsel personally and Plaintiffs refuted such attempts, there can be no doubt that Plaintiffs received actual notice of the IRS's intent to redeem. *See Vardanega v. IRS*, 170 F.3d 1184 (9th Cir. 1999) (purpose of notice to provide awareness of IRS's intent to redeem).

## O R D E R

For the above stated reasons, Plaintiff's *Motion for Summary Judgment* is DENIED, Defendant's *Motion for Summary Judgment* is GRANTED, and this action is dismissed.

SO ORDERED this 20th day of June, 2008.

_____
**BRUCE D. BLACK**
**United States District Judge**